IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID SADLER,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-4678 |
| | : | |
| **APPLE INC.,** | : | |
|     Defendant. | : | |

**MEMORANDUM**

**HENRY, J.**                                                                                     **SEPTEMBER 29, 2025**

David Sadler commenced this *pro se* civil action alleging claims of employment discrimination. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Sadler *in forma pauperis* status and dismiss his Complaint without prejudice. He will be granted leave to file an amended complaint if he can cure the deficiencies noted by the Court.

**I.      FACTUAL ALLEGATIONS**[1]

Sadler filed his Complaint using the Court's preprinted form for use by unrepresented litigants to file employment discrimination claims. By checking boxes on the form, he indicates that he is bringing claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117. (Compl. at 1.) He was employed by Apple, Inc. ("Apple"). (*Id*. at 4.) By checking boxes, Sadler indicates that he is claiming a wrongful termination in his employment based on a disability and failure to reasonably accommodate the disability. (*Id*. at 2-3.) He asserts that he was employed as a Specialist and later an Expert at the Apple store located in Lancaster, Pennsylvania from August 4, 2018 through January 31, 2024. (*Id*. at 2.) He alleges

---

[1] The following allegations are taken from Sadler's Complaint ("Compl."). (ECF No. 2.) The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

that on or about October 26, 2018 he made Apple aware of an unspecified disability. (*Id.*) On or about April 14, 2023, Sadler and his "care team" submitted "a reasonable accommodation request to change [Sadler's] work environment" so that he could work from home. (*Id.*) Apple denied the request, stating, "the program that would have been able to support the accommodation was closed." (*Id.*)

Sadler contacted Apple's corporate Human Resources department to discuss the denial. (*Id.*) An unspecified HR staff member acknowledged that other Apple employees in Sadler's role, working at other locations, had been granted the accommodation he requested and would continue to be accommodated. (*Id.*) Sadler resubmitted the request on or about September 15, 2023, and the request was again denied. (*Id.*) When Sadler sought to appeal the decision, he was "provided an ultimatum" and given two options: (1) Apple would provide him 30 days paid support in finding another job within the company that could accommodate his needs; or (2) he could remain on unpaid medical leave until the leave was exhausted and the accommodations were no longer needed. (*Id.*) After selecting the first of the two options, on or about October 4, 2023, Sadler heard nothing further from Apple until he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 4, 2024.[2] (*Id.*) Sadler assumed that due to the lack of contact from Apple he was no longer employed by the company. (*Id.*) On January 31, 2024, he received a letter from Apple officially terminating his employment. (*Id.*) Sadler received a Notice of Right to Sue Letter from the EEOC on May 21, 2025. (*Id.* at 1; ECF No. 2-1 at 1.) He seeks to be re-hired by Apple, to be granted reasonable

---

[2] The Complaint states that Sadler filed the charge of discrimination on January 4, 2023, however the Court infers that he intended the year 2024.

2

accommodations for his disability, other forms of injunctive relief, lost wages and benefits, and monetary damages.  (Compl. at 6.)

## II.	STANDARD OF REVIEW

Because Sadler appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.  Accordingly, the Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to screen and dismiss the Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  "[T]he plausibility paradigm . . . applies with equal force to analyzing the adequacy of claims of employment discrimination."  *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* litigant liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  This requires the Court to remain flexible, especially considering a litigant's *pro se* status.  *Id.*  However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Id.*

## III.	DISCUSSION

3

Sadler brings claims of wrongful termination and failure to accommodate under the ADA. (Compl. at 2-3.) To state a plausible claim for employment discrimination under the ADA, a plaintiff must allege that he has a disability within the meaning of the ADA, he was "'otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer[;]'" and he "'suffered an otherwise adverse employment decision as a result of discrimination.'" *Morgan v. Allison Crane & Rigging LLC*, No. 23-1747, 2024 WL 4033125, at *3 (3d Cir. Sept. 4, 2024) (quoting *Eshleman*, 961 F.3d at 245). A person is disabled within the meaning of the ADA if he: (1) has "'a physical or mental impairment that substantially limits one or more' of [his] 'major life activities'; (2) [has] 'a record of such an impairment'; or (3) [is] 'regarded as having such an impairment.'"[3] *Mercer v. Se. Pa. Transit Auth.*, 26 F. Supp. 3d 432, 445 (E.D. Pa. 2014) (quoting 42 U.S.C. § 12102(1)).

Discrimination under the ADA "encompasses not only adverse actions motivated by prejudice and fear of disabilities, but also includes failing to make reasonable accommodations for a plaintiff's disabilities." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999). To state a claim for a failure to accommodate under the ADA, a plaintiff must allege sufficient facts to support a reasonable inference that: "(1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated." *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017).

---

[3] "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

4

While Sadler asserts he suffers from a disability and informed Apple of the disability, he does not describe or identify his disability. (Compl. at 2.) Although a plaintiff need not "go into particulars about the life activity affected by [his] alleged disability or detail the nature of [his] substantial limitations" at the pleading stage, he still must allege some facts to support an inference that he suffered from a disability within the meaning of the statute. *Fowler*, 578 F.3d at 213; *Karipidis v. ACE Gaming LLC*, No. 09-3321, 2010 WL 2521209, at *8 (D.N.J. June 9, 2010) ("By simply stating that the plaintiff lives with an injury, illness or impairment without alleging that the impairment substantially limits a major life activity creates a defect in the Complaint."). Sadler has not done so here. He states only that he "[has] a disability that Defendant was aware of." (Compl. at 4.) This vague and conclusory statement is insufficient to allege plausibly that Sadler is disabled within the meaning of the ADA. *See Heard v. St. Luke's Hosp.*, No. 08-5494, 2009 WL 3081513, at *3 (E.D. Pa. Sept. 28, 2009) (dismissing as "vague and conclusory" plaintiff's ADA discrimination claim that he "suffered from a medical condition that substantially limited one or more of his life activities."); *see also Rawling v. Sch. Dist. of Philadelphia*, No. 24-3459, 2024 WL 4771393, at *4 (E.D. Pa. Nov. 12, 2024) (dismissing ADA discrimination claim where plaintiff only "stated in conclusory fashion that Long COVID has caused her 'severe physical and mental limitations' and 'qualifies as a disability' under the relevant statutes because 'it substantially limits one or more major life activities'" finding such "bare recitations of the elements of a disability-discrimination claim . . . insufficient to satisfy her burden to plead facts with particularity.").

Without stating facts alleging that he is a qualified individual with a disability, Sadler cannot assert plausible claims for either wrongful termination or failure to accommodate under the ADA. *See, e.g.*, *Horsch v. Cantymagli*, No. 241183, 2024 WL 1444020, at *7 (E.D. Pa. Apr.

5

3, 2024) (dismissing ADA claim on statutory screening because "Horsch fails to allege facts to show that he is a qualified individual with a disability. While he references the problem with scheduling psychiatric counseling and completing a mental health evaluation as allegedly improper bases for the Defendants' adjudicative act of revoking his probation, he has failed to provide facts indicating he has a physical or mental impairment that substantially limits a major life activity"); *John v. Pennsylvania Dep't of Hum. Servs.*, No. 24-781, 2024 WL 3204474, at *5 (E.D. Pa. June 26, 2024) (dismissing ADA claims where plaintiff "offers nothing more than the conclusory allegation that he is disabled and communicates more effectively using written correspondence. . . . He fails to allege whether he has a physical or mental impairment or to offer any allegations about how his major life activities are substantially limited."); *Barnett v. Jewish Fam. Servs. of Greater Harrisburg*, No. 20-2176, 2021 WL 2894754, at *3 (M.D. Pa. July 9, 2021) (dismissing ADA discrimination claim because plaintiff "does not allege that she has a disability . . . . While Barnett alleges that she has a 'qualified disability,' and the amended complaint contains facts that could support a plausible inference that JFSGH knew of her impairment, Barnett fails to allege any facts regarding how her disability substantially affected any major life activity."). Both claims will therefore be dismissed without prejudice. Sadler will be afforded an opportunity to file an amended complaint if he can plausibly allege that he is a disabled person under the ADA and satisfy the other elements of his ADA claims.

### IV.  CONCLUSION

For the foregoing reasons, the Court will grant Sadler leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Court will permit Sadler an opportunity to file an amended complaint in the event he can

6

address the defects the Court has noted. An appropriate order follows containing additional instructions as to amendment.