IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID SADLER,<br>　　Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-4678 |
| | : | |
| APPLE INC.,<br>　　Defendant. | : | |

**MEMORANDUM**

**HENRY, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　**DECEMBER 16 , 2025**

　　In a prior Memorandum and Order, the Court granted David Sadler leave to proceed *in forma pauperis* and dismissed without prejudice his Complaint asserting claims against Apple Inc. ("Apple") under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117. *Sadler v. Apple Inc.*, No. 25-4678, 2025 WL 2792129 (E.D. Pa. Sept. 29, 2025) ("the September Memorandum"). Sadler was permitted an opportunity to file an amended complaint. He has now returned with an Amended Complaint reasserting ADA claims against Apple.[1] For the following reasons, the Amended Complaint will be dismissed and Sadler will be granted one final opportunity to amend.

**I.　　FACTUAL ALLEGATIONS**[2]

　　Sadler filed his Amended Complaint using the Court's preprinted form for use by unrepresented litigants to assert employment discrimination claims. By checking boxes on the form, he indicates that he is bringing claims under the ADA for wrongful termination and failure

---

[1] Sadler also filed a second Motion to Proceed *In Forma Pauperis*. (ECF No. 7.) Because Sadler was previously granted leave to proceed *in forma pauperis*, the Motion will be denied as moot.

[2] The facts are taken from Sadler's Amended Complaint (ECF No. 6), for which the Court adopts the pagination supplied by the CM/ECF docketing system.

to accommodate a disability. (Am. Compl. at 1-3.) Sadler alleges that he suffers from major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder ("PTSD"), and severe chronic pain. (*Id*. at 5.) He asserts that these disabilities affect his major life activities of caring for himself, sleeping, concentrating, thinking, communicating and working, as well as his digestive, bowel, neurological, and endocrine functions. (*Id*.) They affect his ability to "interact[] and communicat[e] with others in an in-person setting due to the fear response experienced in social interactions as caused by [his] generalized anxiety disorder." (*Id*.) He states that his ability to "concentrate[e], think[], and . . . work" are affected due to "the recurrent suicidal ideation experienced as caused by [his] Major depressive disorder, Post-traumatic stress disorder, generalized anxiety disorder, and irregular endocrine functions." (*Id*.) He also suffers from severe and chronic migraines. (*Id*.) Sadler was hired by Apple as a Specialist in August 2018 and informed Apple in October 2018 that he was "an individual living with a disability" by submitting a Voluntary Self-Identification of Disability form.[3] (*Id*.)

On April 14, 2023, Sadler submitted a reasonable accommodation request to Apple, asking to work from home full-time. (*Id*. at 6.) He drafted the request with help from his care team. (*Id*.) Sadler's Store Leader, Michael Washington, denied the request, explaining in a meeting also attended by the Senior Store Manager that "the program that would have been able to support the accommodation was closed." (*Id*.) Sadler contacted corporate HR about the denial and was told that Apple had granted the same request for employees in his role at other locations and would continue to do so. (*Id*.) Sadler also notes that, "remote work had been made available to me and other retail store employees during the covid pandemic." (*Id*.) Sadler

---

[3] It is not clear whether Sadler advised Apple of his specific disabilities or merely identified himself as an individual with a disability.

2

resubmitted his request on September 15, 2023, and Washington denied it again on the same grounds. (*Id.*) When Sadler sought to appeal the denial, Washington gave him "an ultimatum" that he could either (1) be paid for 30 days while searching for alternative employment at Apple that would accommodate his disability, or (2) he could remain on unpaid medical leave until the leave was exhausted and he no longer needed the accommodation. (*Id.*) Sadler chose the 30-day paid job search. (*Id.*) He did not hear anything further from Apple after doing so and subsequently filed a charge of discrimination with the EEOC on January 4, 2024, believing at that point that he was no longer employed by the company. (*Id.*) On January 31, 2024, Sadler received a notice of termination from Apple. (*Id.*) Sadler alleges that Apple's handling of his accommodation request has exacerbated his anxiety and depression and led him to seek "more intense treatment of [his] disabilities and their associating symptoms" through outpatient therapy. (*Id.*) As relief for his claims, Sadler seeks reemployment, lost wages, modification of his HR file, monetary damages, and attorney's fees. (*Id.*)

## II.     STANDARD OF REVIEW

Because Sadler has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a pleading fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the Amended Complaint as true, draw

all reasonable inferences in the plaintiff's favor, and ask only whether the Amended Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of a *pro se* complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.     DISCUSSION

#### A.     Wrongful Termination

As the Court previously explained to Sadler, to state a plausible claim of employment discrimination, a plaintiff must allege that: (1) he has a disability within the meaning of the ADA; (2) he was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he suffered an otherwise adverse employment decision as a result of discrimination. *Sadler*, 2025 WL 2792129 at *2 (citations omitted). Sadler's wrongful termination claim was previously dismissed because he only alleged in conclusory terms that he was disabled, which the Court explained was insufficient to state a claim under the ADA. (*Id.* at *2-3 (citing cases)). While Sadler's Amended Complaint alleges

additional facts regarding his disability, he nevertheless fails to allege that he was a *qualified* individual with a disability.  Accordingly, his wrongful termination claim is not plausible.

The United States Court of Appeals for the Third Circuit has articulated a two-prong test for determining whether someone is a qualified individual under the ADA: (1) whether the individual satisfies the prerequisites for the position, by possessing the appropriate educational background, employment experience, skills and licenses; and (2) whether the individual can perform the essential functions of the position, with or without reasonable accommodation.  *Gaul v. Lucent Techs.*, 134 F.3d 576, 580 (3d Cir. 1998)).  However, at the screening stage, a plaintiff need not establish a prima facie case of discrimination.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009).  Rather, as explained in *Fowler*, a complaint is sufficient when it "pleads how, when, and where [the employer] allegedly discriminated against [the employee]" such that an employer is on notice of the basis of the claim against it.  *Id*. at 212.  Because Sadler was employed for nearly four years as an Expert prior to the events giving rise to his Complaint, the Court will assume for purposes of screening that he possessed the requisite skill and experience for the role.  *See Sempier v. Johnson & Higgins*, 45 F.3d 724, 729 (3d Cir. 1995) (finding an employee was "otherwise qualified" for his position based upon his past employment history at the defendant-employer's place of business).  However, Sadler does not allege any facts about his ability to perform the essential functions of the job with or without accommodation.  He asserts that he suffered from significant mental and physical health impairments including anxiety that affects his ability to "interact[] and communicat[e] with others in an in-person setting," severe chronic migraines, inability to sleep, and "recurrent suicidal ideation . . . caused by [his] Major depressive disorder, Post-traumatic stress disorder, generalized anxiety disorder, and irregular endocrine functions."  (Am. Compl. at 5.)  He does

5

not specify whether working from home was a sufficient accommodation to overcome these impairments, even if that accommodation was available. Without facts asserting that he was able to perform the essential functions of his job with or without accommodation, Sadler fails to allege that he was a qualified individual with a disability. *See Hibbard v. Penn-Trafford Sch. Dist.*, No. 13-622, 2014 WL 640253, at *12 (W.D. Pa. Feb. 19, 2014) (dismissing ADA discrimination claim where plaintiff only alleged in conclusory terms that she was "able to perform all of the essential functions of the job, with or without a reasonable accommodation"); *cf. Douglas v. Kensington Cmty. Corp. for Individual Dignity*, 775 F. Supp. 3d 881, 894 (E.D. Pa. 2025) (finding that plaintiff plausibly alleged she was a qualified individual with a disability where she asserted that despite suffering from PTSD, anxiety, and panic attacks which at times affected her ability to work, she was "able to perform the duties of her job well"); *see also Burbach v. Arconic Corp.*, 561 F. Supp. 3d 508, 520 (W.D. Pa. 2021) (denying motion to dismiss plaintiff's ADA employment discrimination claim because he "alleges that he could have performed the essential functions of his position with the accommodation of recovering from COVID-19 in a location of his choosing. This is all that is required at the motion to dismiss stage – whether Plaintiff in fact could have performed the essential functions of his job [with the requested accommodation]."). Absent allegations that Sadler was a qualified individual with a disability under the ADA, his wrongful termination claim is not plausible and will be dismissed.

      **B.**    **Failure to Accommodate**

The Court previously explained to Sadler that, for a failure to accommodate claim to be plausible, a plaintiff must allege sufficient facts to support a reasonable inference that: "(1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably

accommodated." *Sadler*, 2025 WL 2792129 at *2 (quoting *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017)).  As with any ADA claim, to be plausible, Sadler must allege that he is a qualified individual with a disability.  *See* 42 U.S.C. § 12112(b)(5)(A) (stating that an employer violates the ADA when it fails to make "reasonable accommodations to the known physical or mental limitations of an *otherwise qualified individual* with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity" ) (emphasis added).

      As with his wrongful termination claim, because Sadler does not assert that he was able to perform the essential functions of his position with or without accommodation, he has not alleged that he is a qualified individual with a disability under the ADA.  Accordingly, his failure to accommodate claim is also not plausible.  *See Equal Emp. Opportunity Comm'n v. FedEx Ground Package Sys., Inc.*, 158 F. Supp. 3d 393, 399 (W.D. Pa. 2016) (explaining that "to make out an ADA claim based on a failure to accommodate, an individual must [allege that] (1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered [a] . . . refus[al] to make reasonable accommodations.") (quotation marks and citation omitted).

      Sadler's failure to accommodate claim is not plausible for the additional reason that he does not allege that Apple failed to make a good faith effort to assist him.  "[A]n employer can show its good faith in many ways, such as: meeting with the employee; requesting information about the employee's condition and limitations; asking the employee what accommodation she wants; showing some sign of having considered her request; and offering and discussing

available alternatives when the request is too burdensome." *Ruggiero v. Mount Nittany Med. Ctr.*, 736 F. App'x 35, 39 (3d Cir. 2018). Sadler alleges that he had multiple meetings with his managers and HR to discuss his work from home request and was ultimately offered two proposed accommodations. He accepted one of those accommodations, and received 30 days of paid leave to find alternative employment at the company that could accommodate his disability. The fact that Apple denied Sadler his preferred accommodation does not, by itself, indicate a failure to accommodate. *See Hofacker v. Wells Fargo Bank Nat'l Ass'n*, 179 F. Supp. 3d 463, 469 (E.D. Pa. 2016) (explaining that "[a]n employer is not obligated to provide an employee the accommodation he requests or prefers, the employer need only provide some reasonable accommodation." (citation omitted)); *see also Stanley v. Lester M. Prange, Inc.*, 25 F. Supp. 2d 581, 584 (E.D. Pa. 1998) (providing that "an employer is not generally required to accommodate a disability by allowing the disabled worker to work at home"). Nor does the fact that Apple provided a work from home option to other employees in his role at other locations, or to Sadler and other retail store employees during the COVID-19 pandemic, mean that it was obligated under the ADA to do so in his case. *See Smith v. Ameritech*, 129 F.3d 857, 867–68 (6th Cir. 1997) ("An employer who provides an accommodation that is not required by the ADA to one employee is not consequentially obligated to provide the same accommodation to other disabled employees."); *see also Myers v. Hose,* 50 F.3d 278, 284 (4th Cir. 1995) ("[T]he fact that certain accommodations may have been offered . . . to some employees as a matter of good faith does not mean that they must be extended to [plaintiff] as a matter of law.").

The fact that Sadler did not ultimately find an alternative role at the company is also not sufficient to allege plausibly that Apple failed to act in good faith. *See School Board v. Arline*, 480 U.S. 273, 289 n. 19 (1987) (explaining that "[e]mployers have an affirmative obligation to

make a reasonable accommodation for a handicapped employee. Although they are not required to find another job for an employee who is not qualified for the job he or she was doing, they cannot deny an employee alternative employment opportunities reasonably available under the employer's existing policies."); *see also Jackson v. City of Chicago*, 414 F.3d 806, 813 (7th Cir. 2005) (noting that "an employer is not required to manufacture a job that will enable the disabled worker to work despite his disability . . . The employer need only transfer the employee to a position for which the employee is otherwise qualified." (quotation marks and citations omitted)). Because Sadler's detailed factual assertions do not plausibly allege that Apple failed to make a good faith effort to assist him, the Court will dismiss the failure to accommodate claim. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## VI. CONCLUSION

For the foregoing reasons, the Amended Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Sadler will be granted one final opportunity to amend his Complaint in the event he can allege plausible claims under the standards set forth above. An order follows providing Sadler with additional information about filing a second amended complaint.